UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDRE V. BRASWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:24-cv-00680-JPH-CSW ) |
| ALICIA COLLINS-DENNIS, DEBORAH OATS LIGHTFOOT, TANNIKA LIGHTFOOT PATTON, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

On August 15, 2024, the Court entered final judgment, dismissing this case without prejudice for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. Dkts. 20, 21. On September 10, Plaintiff Andre Braswell filed a "Complaint and request for injunction," a "Motion to set aside default and restatement of federal question," and a "Motion for default judgment." Dkts. [22], [23], [24]. Defendant Alicia Collins-Dennis responded in opposition to these submissions. Dkts. 25, 26. The Court construes Mr. Braswell's submissions to be a motion for reconsideration under Federal Rule of Civil Procedure 59(e) because he filed them within twenty-eight days of entry of judgment. *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021) ("[R]egardless of what counsel called it, all substantive motions filed within the time period described by Rule 59(e) fall under that Rule regardless of the lingo associated with the post-judgment motion.").

1

"Rule 59(e) allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). A manifest error occurs when a district court commits a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Burritt v. Ditlefsen*, 807 F.3d 239, 253 (7th Cir. 2015). The rule is not "a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876. So, to prevail on his Rule 59(e) motion, Mr. Braswell must "clearly establish" that "there is newly discovered evidence or that there has been a manifest error of law or fact." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

He has not done so. In his filings, Mr. Braswell does not point to any newly discovered evidence. *See* dkts. 22, 23, 24. Mr. Braswell also makes no argument for why there was a manifest error of law or fact when the Court dismissed this case for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *Id.* Instead, Mr. Braswell's filings suggest that he is rehashing jurisdictional arguments already offered before the case was dismissed. *See* dkt. 23 at 1 ("The Plaintiff (re)states for the record as he/they did in the original claim and the original amended claim first [filed] on May 24, 2024 and do restate the following."). And to the extent Mr. Braswell's motion

constitutes a belated response to the Court's show cause order at dkt. 18, his motion is not "a vehicle for [him] to undo" his failure to timely respond. *Moro*, 91 F.3d at 876.

Accordingly, Mr. Braswell's motion for reconsideration is **DENIED**. Dkts. [22], [23], [24]. This case remains closed.

**SO ORDERED.**

Date: 1/17/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ANDRE V. BRASWELL
2816 N. Central Ave.
Indianapolis, IN 46205

All electronically registered counsel